NO. 07-09-0248-CV

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 NOVEMBER 17, 2010

 CHARLES WILLIAMSON A/K/A CHARLES J. WILLIAMSON,

 Appellant
 v.

 THE STATE OF TEXAS AND WELLS FARGO BANK, N.A.,

 Appellees
 _____________________________

 FROM THE COUNTY COURT AT LAW NO 1 OF TRAVIS COUNTY;

 NO. C-1-CV-09-001389; HONORABLE J. DAVID PHILLIPS, PRESIDING

 Memorandum Opinion

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 Charles Williamson (Williamson) files a pro se direct appeal from the
trial court's order denying his motion to intervene and quash a garnishment
against funds of his held by Wells Fargo Bank, N.A. (Wells Fargo). He also
asserts a restricted appeal with respect to the propriety of the
garnishment. We reverse the order.
 Background
 The State of Texas filed an application for a writ of garnishment
against Wells Fargo on February 9, 2009, to obtain money from bank accounts
of Williamson for payment on a judgment entered on September 8, 1997,
against Williamson with respect to a student loan obtained from the State.
The record presented on appeal does not show service of the application on
Williamson at the time of its filing.[1] A judgment agreed to by the State
and Wells Fargo was entered on February 24, 2009. That judgment was later
amended by a judgment dated March 3, 2009, in which the State recognized
that some of the money in Williamson's accounts was exempt, and it was
released for his benefit. The record indicates that, prior to the entry of
the March 3 judgment, Williamson had contacted the State claiming that some
or all of the money was exempt. Thus, it is clear that he had actual
knowledge of the garnishment prior to entry of the March 3 judgment. There
is also evidence that at some point he received a copy of the application
from either the State or Wells Fargo.
 Williamson filed an amended motion to intervene and quash the
garnishment on March 10, 2009, after entry of the final judgment.[2] In
that motion, he raised the lack of notice to him as well as other defenses.
 On April 28, 2009, the court conducted a hearing on the motion at which
time the court ruled that it no longer had jurisdiction because the
hearing had not been held within ten days pursuant to Rule 664a of the
Rules of Civil Procedure. Thus, the merits of Williamson's motion to
intervene and quash were never addressed. He then filed both a direct
appeal from the trial court's order and a restricted appeal.
 Order on Motion to Intervene and Quash
 First, Williamson challenges the trial court's order denying his
motion to intervene and to quash the garnishment by arguing that the trial
court had jurisdiction to consider them.[3] Rule 664a provides:
 A defendant whose property or account has been garnished or any
 party who claims an interest in such property or account, may by sworn
 written motion, seek to vacate, dissolve or modify the writ of
 garnishment, and the order directing its issuance, for any grounds or
 cause, extrinsic or intrinsic. . . . Unless the parties agree to an
 extension of time, the motion shall be heard promptly, after
 reasonable notice to the plaintiff . . ., and the issue shall be
 determined not later than ten days after the motion is filed.
 Williamson contends this rule is for the benefit of the debtor and
 should not be used to deprive him of the right to intervene.

 Several courts have found that this rule is not jurisdictional. See
Cloughly v. NBC Bank-Seguin, N.A., 773 S.W.2d 652, 658 (Tex. App.-San
Antonio 1989, writ denied) (holding that the failure to hold a hearing
within ten days was waived when the debtor made no complaint); Kyanize
Paints, Inc. v. Denton, No. C14-91-00705-CV, 1992 Tex. App. Lexis 1379 at
*7-8 (Tex. App.-Houston [14th Dist.] May 21, 1992, no writ) (not designated
for publication) (stating that a hearing beyond ten days was not precluded
when the creditor was the complaining party). That the parties may agree
to an extension of the deadline further illustrates the non-jurisdictional
nature of the period; if jurisdictional, the parties cannot negotiate it or
manufacture new periods. Good Shepherd Medical Center, Inc. v. State, 306
S.W.3d 825, 837 (Tex. App.-Austin 2010, no pet.) (stating that subject
matter jurisdiction cannot be conferred by agreement). Williamson
further argues that he was informed by a court employee that he could not
obtain a hearing for three weeks.[4] The purpose of the notice requirement
and the opportunity to intervene is to provide the debtor with due process.
 See Hering v. Norbanco Austin I, 735 S.W.2d 638, 641 n.5 (Tex. App.-Austin
1987, writ denied). The inability of a court's docket to hear the motion
within ten days of its filing should not be used to punish the debtor. We
find the trial court was not precluded by Rule 664a from hearing the merits
of the matter.
 The court also discussed the fact that thirty days had passed since
the judgment had been entered. A court's plenary power ends thirty days
after all timely filed motions to grant a new trial or to vacate, modify,
or correct a judgment are overruled. Sims v. Fitzpatrick, 288 S.W.3d 93,
105 (Tex. App.-Houston [1st Dist.] 2009, no pet.). Williamson filed his
verified motion to intervene and to quash the garnishment within thirty
days of the entry of the judgment. Since the statutes pertaining to
garnishments do not specify a time period within which a motion to vacate,
dissolve or modify a writ of garnishment may be filed, we presume that the
court's plenary power is the same as in other proceedings. That being so,
we will treat Williamson's motion as a post-judgment motion to vacate the
judgment. Since the court ruled on it within the prescribed time limits,
see Tex. R. Civ. P. 329b(c), we find that the trial court had jurisdiction.
 Our ruling on this matter precludes the need to discuss other issues
raised by appellant or his restricted appeal. We reverse and remand to the
trial court for further proceedings.

 Brian Quinn
 Chief Justice

Pirtle, J., concurs in result only.
-----------------------
 [1]Rule 663a of the Rules of Civil Procedure provides for service of
the writ on the defendant. Moreover, specific language must be used in
that notice. Several courts have held that the trial court errs in
granting a writ of garnishment when there is no proof of service in strict
compliance with the statute even if the defendant had actual notice. Lease
Finance Group, LLC v. Childers, 310 S.W.3d 120, 126 (Tex. App.-Fort Worth
2010, no pet.); Zeecon Wireless Internet, LLC v. American Bank of Texas,
N.A., 305 S.W.3d 813, 817-18 (Tex. App.-Austin 2010, no pet.); Abdullah
v.State, 211 S.W.3d 938, 942-43 (Tex. App.-Texarkana 2007, no pet.);
Mendoza v. Luke Fruia Invs., 962 S.W.2d 650, 651-52 (Tex. App.- Corpus
Christi 1998, no pet.); but see Del-Phi Engineering Associates, Inc. v.
Texas Commerce Bank-Conroe, N.A., 771 S.W.2d 589 (Tex. App.-Beaumont 1989,
no writ) (stating that even though notice of the garnishment was not sent
to the debtors, a hearing on the motion to vacate the writ was properly
held by agreement as notice was, in effect, waived). Moreover, a
recitation in the judgment that notice has been given does not create a
presumption in favor of the garnishor. Lease Finance Group, LLC v.
Childers, 310 S.W.3d at 126.

 [2]The court indicated that Williamson had filed a motion to intervene
and quash on March 6, 2009, but that document is not contained in the
clerk's record.

 [3]Wells Fargo contends that appellant's notice of appeal is untimely
because he appealed from the court's order and not from the final
garnishment judgment. However, we have jurisdiction to determine the trial
court's jurisdiction. State v. Morse, 903 S.W.2d 100, 102 (Tex. App.-El
Paso 1995, no writ) (court of appeals may address the propriety of the
county court's exercise of jurisdiction or refusal to do so under its
general jurisdiction).

 [4]Appellant apparently did not attempt to set a hearing until after
the ten days had passed. However, it appears that the trial court may not
have been able to accommodate a hearing within ten days.